**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

PAUL M. LOMASNEY,

      Plaintiff,

      v.                                          09-CV-952-RJA-LGF
                                                            **DECISION AND ORDER**

AMY L. KLIMOWICZ, individually and in her
official capacity as an Erie County Deputy Sheriff;

JEFFREY HICKS, individually and in his official
capacity as an Erie County Deputy Sheriff; and

JAMES HATCH, individually and in his official
capacity as an Erie County Deputy Sheriff,

      Defendants.
_____

      This case is before the Court on the Plaintiff's objections to Magistrate Judge Foschio's Report and Recommendation, which recommends granting in part and denying in part the Defendants' motion for summary judgment. Docket No. 49. The four Counts on which the Defendants seek summary judgment arise out of incidents that occurred in July 2007, November 2007, and February 2008. The Court assumes familiarity with the facts of those incidents, which the Report and Recommendation describes in detail. In general, however, each incident involves the Defendants' responses to disputes between the Plaintiff and his ex-wife. The Court addresses each incident in turn.

    **1. Count 2 (false arrest for July 2007 incident)**

      Judge Foschio identified two reasons to grant the Defendants' motion for summary judgment as to Count 2. First, Judge Foschio concluded that the Plaintiff was

1

never "seized" for Fourth Amendment purposes because he was never put in physical custody but was, instead, issued an appearance ticket. Second, Judge Foschio concluded that, even if the Plaintiff was seized for Fourth Amendment purposes, the Defendants' motion for summary judgment should still be granted because the Plaintiff's arrest was supported by probable cause.

The Plaintiff first objects to Judge Foschio's conclusion that the Plaintiff was never "seized." He argues (and the Report and Recommendation acknowledges, *see* Docket No. 49 at 19) that the Defendants did not move for summary judgment on this ground. Federal Rule of Civil Procedure 56(f) provides a method by which a court may *sua sponte* identify issues for which summary judgment may be appropriate. However, it does not appear that Rule 56(f)'s notice procedure was followed in this case. Thus, the Court cannot adopt the recommendation that the Plaintiff was not seized within the meaning of the Fourth Amendment. *See Markman v. City of New York*, 629 F. App'x 119, 122 (2d Cir. 2015).

Nonetheless, the seizure issue is immaterial to Count 2 because the Court adopts Judge Foschio's conclusion that probable cause supported the Plaintiff's July 2007 arrest for harassment in the second degree. The Plaintiff objects to this recommendation. In the ordinary course, the Court would therefore review Judge Foschio's recommendation *de novo*. *See* 28 U.S.C. § 636(b)(1). In this case, however, the Court will review Judge Foschio's recommendation for clear error, because the Plaintiff has failed to comply with Local Civil Rule 72. The Plaintiff's objections as to Count 2 consist of three pages that repeat—word for word—the arguments he made before Judge Foschio in opposition to summary judgment. Following that, the Plaintiff's

objections contain six bullet points which he assigns as "errors." Several of those points, however, simply repeat arguments made in the prior pages, while others identify arguments Judge Foschio expressly considered and rejected. *See, e.g.*, Docket No. 49 at 29 (considering the Plaintiff's argument that Defendant Klimowicz "was aware of 'in excess of 100' complaints filed against Plaintiff that were subsequently dismissed as frivolous").

Local Civil Rule 72(b) requires that objections to a magistrate judge's report and recommendation "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." The Court, as noted, ordinarily reviews *de novo* a magistrate judge's recommendation to which a party has objected. But when, as in this case, a party's objections "simply reiterate[] his original arguments"—in other words, when the party's objections fail to comply with Local Civil Rule 72—"the Court reviews the Report and Recommendation for clear error." *Hill v. West*, 599 F. Supp. 2d 371, 378 (W.D.N.Y. 2009). An objecting party should, of course, rely on arguments made and authorities cited before the magistrate judge. And an objecting party may, within reason, file objections with the district court that reuse parts of his briefing before the magistrate judge. But "[i]t is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." *Camardo v. G.M. Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992). In

no case is this truer than when there is no difference between a party's briefing before the magistrate judge and his objections before the district court.

A party may certainly object to each and every aspect of a magistrate judge's report and recommendation. But if he does, he must identify the ways in which he believes each of the magistrate judge's findings and recommendations was in error. After all, "[t]he purpose of the Federal Magistrates Act is to increase the overall efficiency of the federal judiciary. Local [Civil] Rule 72 promotes this goal by requiring parties to identify for the district court those parts of a report and recommendation that might be incorrect." *Mineweaser v. City of N. Townawanda*, 14-CV-144-RJA-JJM, 2016 WL 3279574, at *1 (W.D.N.Y. June 15, 2016). That is why failure to comply with Local Civil Rule 72 "means that the Court reviews . . . [the] Report and Recommendation for clear error." *Id.* *See also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition *that has been properly objected to*.") (emphasis added).

The Court therefore "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." 1983 Advisory Committee Note to Fed. R. Civ. P. 72(b). Having reviewed Judge Foschio's Report and Recommendation and the record in this case, the Court finds no clear error in Judge Foschio's recommendation to grant summary judgment as to Count 2. In particular, the Plaintiff's ex-wife's sworn statement that the Plaintiff "was hitting the gas *to run me over with the mini van*" (Docket No. 33-3 at 4, emphasis added), combined with all the other facts Judge Foschio detailed in his Report and Recommendation, support the

conclusion that Defendant Klimowicz had probable cause to arrest the Plaintiff for harassment in the second degree, in violation of New York Penal Law § 240.26[1].

## 2. Count 3 (malicious prosecution for November 2007 incident)

Judge Foschio recommends granting the Defendants' motion for summary judgment as to Count 3 because "[t]he undisputed evidence establishes no issue of fact" on whether "[Defendant] Hicks had probable cause" to seek criminal summonses for assault in the third degree and criminal contempt in the third degree. Docket No. 49 at 32.

The Plaintiff objects to this recommendation. But once again, his objections repeat the arguments he made before Judge Foschio nearly verbatim, and without identifying any specific errors the Plaintiff believes Judge Foschio made. The Court therefore reviews Judge Foschio's recommendation for clear error. Upon such review, the Court adopts Judge Foschio's recommendation to grant summary judgment as to Count 3. As Judge Foschio noted, the Plaintiff does not contest whether the conduct of which his ex-wife complained, if true, would provide probable cause to arrest him for assault in the third degree, in violation of New York Penal Law § 120.00[1], and criminal contempt in the second degree, in violation of New York Penal Law § 215.50[3]. And the record shows that there is no genuine factual dispute as to whether Defendant Hicks had a sufficient basis for believing the Plaintiff's ex-wife's account at the time of the Plaintiff's arrest. *See* Docket No. 34-3 at 2 (police report of incident); Docket No. 49 at 8-12; 32-33 (Judge Foschio's summary of evidence supporting probable cause). *See also Fabrikant v. French*, 691 F.3d 193, 214 (2d Cir. 2012) ("[P]robable cause does not require an officer to be certain that subsequent prosecution of the arrestee will be

successful. It therefore is of no consequence that a more thorough or more probing investigation might have cast doubt upon the situation.") The Court therefore adopts Judge Foschio's recommendation to grant the Defendants' motion for summary judgment as to Count 3.

### 3. Counts 4 and 5 (false arrest and malicious prosecution for February 2008 incident)

As with Count 2, Judge Foschio recommends granting the Defendants' motion for summary judgment on Count 4 because, Judge Foschio concluded, the Plaintiff was never "seized" for Fourth Amendment purposes. For the reasons stated above, however, the Court does not adopt that recommendation.

In the alternative, Judge Foschio concludes that there is a genuine factual dispute over whether probable cause existed to arrest the Plaintiff for the February 2008 incident (Count 4). Judge Foschio also concluded that there is a genuine factual dispute over when Defendant Hatch became aware that there was no probable cause to support the Plaintiff's arrest and prosecution for the February 2008 incident (Count 5). Specifically, Judge Foschio noted that "[t]he undisputed facts establish Hatch, based on the February 26, 2008 [Domestic Incident Report] and [the Plaintiff's ex-wife's] March 3, 2008 Supporting Deposition had probable cause to prepare and file the March 4, 2008 Accusatory Instrument charging Plaintiff with Criminal Contempt in the Second Degree based on [the Plaintiff's ex-wife's] allegations that Plaintiff entered the marital residence on February 26, 2008, in violation of the September 26, 2007 Temporary Order." Docket No. 49 at 35. But, Judge Foschio noted, at some point Defendant Hatch became aware that the Plaintiff's ex-wife had made a false accusation, and Defendant Hatch's "stated inability to recall precisely when he saw the information alerting him to

6

the impossibility that Plaintiff was at the marital residence on February 26, 2008, as [the Plaintiff's ex-wife] reported, is thus critical to when his probable cause to believe Plaintiff had committed Criminal Contempt in the Second Degree dissipated." *Id.* at 36-37.

The Defendants do not object to Judge Foschio's recommendation that there is a genuine dispute of material fact precluding summary judgment as to Counts 4 and 5. In his objections, the Plaintiff states that he "disagree[s] that probable cause existed initially" to arrest the Plaintiff with criminal contempt in the second degree. Docket No. 52 at 10. The Plaintiff's objections again parrot the argument he made before Judge Foschio. However, it is irrelevant whether or not the Plaintiff properly objected to Judge Foschio's statement regarding probable cause, because the Court does not interpret the Report and Recommendation to have *found* that probable cause existed to arrest and prosecute the Plaintiff for criminal contempt. To the contrary, Judge Foschio concluded that there is a genuine factual dispute over when Defendant Hatch became aware of information that would dissipate any probable cause. As Judge Foschio noted, it follows that there is a dispute over whether there was *ever* probable cause to arrest and prosecute the Plaintiff. *See* Docket No. 49 at 37 ("Whether Hatch became aware of Plaintiff's location at the time of the February 26, 2008 Incident before or after Plaintiff's arrest on April 16, 2008, a fact which would dissipate any probable cause either to arrest or continue to prosecute Plaintiff in connection with the February 2008 Incident, thus is an issue of fact precluding summary judgment on Plaintiff's Fourth and Fifth Claims.") The Court agrees with Judge Foschio and therefore adopts his recommendation.

In the alternative, Judge Foschio recommends denying summary judgment on qualified immunity grounds for the same reasons he recommends denying summary judgment on the question whether probable cause existed to arrest and prosecute the Plaintiff. The Defendants do not object to this recommendation. The Court therefore reviews it for clear error. *See United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record.") Upon such review, the Court adopts Judge Foschio's conclusion that the Defendants' motion for summary judgment on the grounds of qualified immunity as to Counts 4 and 5 should be denied.

4. **Conspiracy (Counts 3 and 5)**

Finally, Judge Foschio recommends granting the Defendants' motion for summary judgment as to the 42 U.S.C. § 1985 conspiracy claims in Counts 3 and 5. The Plaintiff does not object to this recommendation, and the Court therefore reviews it for clear error. Upon such review, the Court adopts Judge Foschio's recommendation to dismiss the § 1985 conspiracy claims in Counts 3 and 5.

## CONCLUSION

For the reasons stated above, the Court adopts Judge Foschio's recommendations to grant the Defendants' motion for summary judgment as to Counts 2 and 3. The Court also adopts Judge Foschio's recommendations to deny the Defendants' motion for summary judgment as to Counts 4 and 5. Further, the Court adopts Judge Foschio's recommendation to grant summary judgment as to the Plaintiff's § 1985 conspiracy claims in Counts 3 and 5.

Thus, this case appears to be ready for trial on Count 1, Count 4, and Count 5. Within 30 days of the date of this Decision and Order, the parties shall file a brief report (either jointly or individually) stating (1) whether a further referral to mediation would assist the parties in resolving the remaining claims; (2) if the parties wish to proceed to trial, the approximate number of days they anticipate it will take to try the remaining claims; and (3) the approximate number of witnesses they anticipate calling at trial.

Further, given the age of this case, the number of criminal trials the Court has scheduled for the next several months, and the priority those trials must receive over civil trials, the parties are reminded that a Magistrate Judge is available to try this case. *See* Fed. R. Civ. P. 73(b)(2).  If the parties wish to consent to trial before a Magistrate Judge, they should, in lieu of filing the status report described above, notify the Court of their consent within 30 days of the date of this Decision and Order.  If, however, one or both parties do not consent to try this case before a Magistrate Judge, the parties should not notify the Court of that fact.

**SO ORDERED.**


Dated: December 22, 2016                              *s/Richard J. Arcara*
     Buffalo, New York                              HONORABLE RICHARD J. ARCARA
                                                 UNITED STATES DISTRICT JUDGE